UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUBEI AMARVEL BIOTECH CO., LTD.,<br>    a/k/a "AmarvelBio,"<br>QINGZHOU WANG,<br>    a/k/a "Bruce,"<br>YIYI CHEN,<br>    a/k/a "Chiron," and<br>FNU LNU,<br>    a/k/a "Er Yang," a/k/a "Anita,"<br><br>                          Defendants. | **Protective Order**<br><br>23 Cr. 302 (PGG) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Federal Rule of Criminal Procedure 16(a)(1), the Court hereby finds and orders as follows:

1. **Protected Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Protected Material," includes information that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government that is either (1) designated as "Protected" by the Government in emails or

communications to defense counsel or (2) marked as "Protected" shall be deemed Protected Material. The Government's designation of material as Protected Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Disclosure material designated as Protected Material shall not be disclosed by the defendants or their counsel, including any successor counsel (the "defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Protected Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protected Material to the media or any third party except as set forth below.

3. Protected Material may be disclosed by the defense to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants; and

(d) Such other persons as may hereafter be authorized by the Court.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

(remainder of page intentionally left blank)

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ___/s/ Kevin Sullivan___      Date: __August 2, 2023__
    Alexander Li / Kevin Sullivan
    Assistant United States Attorneys


___/s/ Marlon Kirton___     Date: __August 2, 2023__
Marlon Kirton, Esq.
Counsel for Yiyi Chen


___/s/ Marne Leonx___     Date: __August 2, 2023__
Marne Lenox, Esq.
Counsel for Qingzhou Wang


SO ORDERED:

Dated: New York, New York
       ___August 4___, 2023

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE