LEONARDO M. ALDRIDGE
Attorney-At-Law
20 Vesey St. Suite 400
New York, NY 10007

January 9, 2025

**BY ECF**

Hon. Paul G. Gardephe
United States District Judge
40 Foley Square
Courtroom 705
New York, NY 10007

Re:     Charging instructions in *United States v. Hubei Amarvel Biotech Co., Ltd.,* 23 CR 302 (PGG)

Your Honor:

On December 13, 2024, the government filed with the Court a proposal to charge the jury with certain instructions. On December 20, 2024, through electronic mail to chambers and to the government, Mr. Wang's attorneys submitted proposed changes to those instructions. This letter memorializes in the ECF system the nature of the proposed changes suggested earlier as well as some minor additions based on the Court's rulings at the pre-trial conference. The revisions to the government's request to charge are attached as Exhibit A

On Page 10, under the "Drug Types" section of the government's proposed charging instructions, Mr. Wang respectfully requests that "ortho-methylfentanyl" be identified as the specific "fentanyl-related substance" at issue. ECF 100, Government's Opposition to Defendant Wang's Motion in Limine at 12 (citing Rule 16 Disclosure of Dr. Herdman). The government has affirmatively asserted that this is the fentanyl-related substance at issue. ECF 102-4, Rule 16 Disclosure of Dr. Herdman at 4.

On Page 10, under the "Drug Types" section of the government's proposed charging instructions, Mr. Wang respectfully requests the clarification that: "The precursors 1-boc-4-AP, 1-boc-4-piperidone, and ortho-methyl-N-boc-4-AP are not fentanyl-related substances." The government does not allege that the precursor chemicals are "fentanyl-related substances" but rather asserts that "ortho-Methylfentanyl is defined as a fentanyl-related substance" and that "ortho-Methyl-N-boc-4-anilinopiperidine is a precursor chemical for ortho-methylfentanyl. ECF 102-4, Rule 16 Disclosure of Dr. Herdman at 4.

On Page 11, under the "Definitions" section of the government's proposed charging instructions, Mr. Wang respectfully requests that an addition be made regarding the definition of "deliver". Specifically, we propose this addition: "The terms "deliver" or "delivery" mean the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." The definition can be found in 21 U.S.C. Sec. 802 (8).

Hon. Paul G. Gardephe July 16, 2024
Re: Qingzhou Wang Page 2 of 4

On Page 14, under the "Knowledge of the Controlled Substance" section of the government's proposed charging instructions, Mr. Wang submits that the following language should be deleted: "… regardless of whether the defendant also knew that fentanyl was unlawful under the United States federal drug laws." Knowledge of wrongdoing and illegality are core elements of the charged offenses and indeed almost any other criminal offense. Even though ignorance of the law generally does not exempt from compliance, see *United States v. Kukushkin*, 61 F.4th 327, 332 (2nd Cir. 2023), there are instances where the U.S. Supreme Court has stated that complexity of the law matters. *Cheek v. United States*, 498 U.S. 192 (1991). Mr. Wang's theory of defense is that, indeed, as a Chinese national with no prior contacts to the United States, and with no access to information sources commonly available in the West, he did not know, and could have not known, the intricacies of the Controlled Substances Act of the United States. Therefore, keeping the language that the defense seeks to preclude would be tantamount to negating Mr. Wang's defense.

On Page 19, under the "Drug Quantity" section of the government's proposed charging instructions, Mr. Wang respectfully requests that the phrase: "The government must prove beyond a reasonable doubt that the conspiracy involved 400 grams or more of substances containing a detectable amount of fentanyl, and 100 grams or more of substances containing a detectable amount of a fentanyl-related substance." This addition is consistent with Count 1 of the Superseding Indictment that states:

> "the defendants, conspired to manufacture, distribute, possess with intent to manufacture, and possess with intent to distribute were: (i) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 100 grams and more of mixtures and substances containing a detectable amount of an analogue of fentanyl and fentanyl-related substance, in violation of Title 21, Code of Federal Regulations, Section 1308.1l(h)(30)(i), and Title 21, United States Code, Sections 813(a) and 841(b)(l)(A)."

ECF 17, Superseding Indictment ¶ 41.

On Pages 19 and 20, under the "Drug Quantity" section of the government's submission, Mr. Wang proposes that the phrase "beyond a reasonable doubt" be incorporated were the blank spaces appear:

- If you determine _____ that the conspiracy involved fentanyl….

- If you determine _____ that the conspiracy involved a fentanyl-related substance…

- If you determine _____ that the conspiracy involved both fentanyl and a fentanyl-related substance, indicate on the verdict form the quantity of each of those controlled substances.

- Thus, for example, if you all agree _____ that the conspiracy involved 400 grams or more of fentanyl…

Hon. Paul G. Gardephe  July 16, 2024
Re: Qingzhou Wang  Page 3 of 4

On Page 22, under the "Request No. 7" section, Mr. Wang respectfully requests that the following language be added:

"For Count One, the government must prove two things beyond a reasonable doubt:

First, it must prove, beyond a reasonable doubt, that ortho-methyl fentanyl is analogue to Fentanyl. Second, it must prove, beyond a reasonable doubt, that the ortho-methyl fentanyl is a fentanyl-related substance.

On Page 25, under the "Knowledge of the Listed Chemical" section, Mr. Wang proposes that the following language be stricken: "regardless of whether the defendant also knew that 1-boc-4-AP was regulated under the United States federal drug laws." The reasons for this proposed change are the same as with our objection to the page 14 language, above.

On Page 27, under the Request No. 9 section, Mr. Wang requests that the phrase "beyond a reasonable doubt" be added where the blanks below are:

- First, you must determine ____ whether the defendant you are considering knowingly or intentionally….

- Second, you must determine ____ whether the defendant you are considering knowingly or intentionally imported 1-boc-4-AP

- If you reach these questions, your findings on each question must be unanimous (and) _____.

On Page 30, under Request No. 11, Mr. Wang requests that the phrase "beyond a reasonable doubt" be added where there are blanks:

- First, the government must prove ____ that in or about…

- Second, the government must prove ___ that the defendant did so knowingly and intentionally…

- Third, the government must prove ____ that the defendant either knew or intended…

At the end of Page 33, under the Request No. 12, the government submitted as a first option that "if he did, then the defendant is an aider and abettor, and therefore guilty of the offense." Only as a second option does the government then state that "if he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor." These should be inverted to present the not guilty option first to the jury, as not guilty should be the default and first option. In the verdict sheet, Mr. Wang will also request that the "Not Guilty" tab be presented first, not second, because, again, not guilty is the presumption under the law.

On Page 34, under Request No. 13, Mr. Wang requests that the phrase "beyond a reasonable doubt" be added where there are blanks:

Hon. Paul G. Gardephe                                                                                       July 16, 2024
Re: Qingzhou Wang                                                                                            Page 4 of 4

- First, you must determine _____ whether Mr. Wang knowingly…

- Second, you must determine _____ whether Mr. Wang knowingly or intentionally imported 1-boc-4-AP…

On Page 35, under Request No. 14, Mr. Wang requests that the phrase "beyond a reasonable doubt" be added where there are blanks:

- First, the government must prove ___...

- Second, the government must prove___...

The defense objects to the language proposed by the government in the "Object of the Conspiracy" section on page 35. The government proposes that the Court speak to the jury about "international promotional money laundering" despite Mr. Wang not being charged with that crime. This is confusing and misleading and might lead the jury to believe that, if the Judge is speaking to them about the elements of "international promotional money laundering", Mr. Wang might have something to do with that.

Lastly, in accordance with this Court's rulings of January 8, 2025, Mr. Wang will most likely move, at the end of trial, for an instruction on the affirmative defense of entrapment if the record is sufficient to seek such a charge.

Respectfully submitted,

/s/

Leonardo M. Aldridge

cc:     All counsel of record, by ECF