

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 29, 2025

**MEMO ENDORSED**

*The application is denied.*

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**SO ORDERED:**

*/s/ Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Jan. 29, 2025

Re:   United States v. Qingzhou Wang and Yiyi Chen, S1 23 Cr. 302 (PGG)

Dear Judge Gardephe:

The Government writes to respectfully request the Court supplement its response to the first jury note issued this afternoon. The jury note read: "Does supplying chemicals constitute manufacturing?" In response, the Court directed the jury's attention to the definition of "manufacture" in the jury charge and further instructed: "So given that definition of manufacture, it would not include the concept of supplying chemicals."

The Government does not dispute that supplying chemicals, standing alone and without any further intent relating to a controlled substance, would not constitute manufacturing of a controlled substance. In this case, however, the defendants are not charged with the actual manufacture of any controlled substance, but rather with conspiring to do so. The Government has argued to the jury that the defendants' supply of chemical precursors for fentanyl and ortho-methylfentanyl is part of the proof — together with all the other evidence in the case — that the defendants conspired to manufacture those controlled substances here. Without additional context to the Court's response, the jury may be left with the misimpression that the "concept of supplying chemicals" is not relevant to manufacturing at all.

The Government therefore respectfully requests that the Court supplement its instruction to the jury as follows:

> The defendants are charged in Count One with conspiring to manufacture, distribute, and possess with intent to distribute fentanyl and a fentanyl-related substance. As I have instructed you, the crime of conspiracy to violate the controlled substances laws is an independent offense, separate and distinct from the crime of actually manufacturing or distributing controlled substances or possessing controlled substances with the intent to distribute them. While supplying chemicals does not, by itself, constitute manufacturing of a controlled substance, you may consider the concept of supplying chemicals in determining whether there was a

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG) Page 2
Hon. Paul G. Gardephe
January 29, 2025

conspiracy to manufacture controlled substances and whether the defendants knowingly and intentionally joined it.

        Respectfully submitted,

        DANIELLE R. SASSOON
        United States Attorney

By: \_\_\_/s/_____
    Alexander Li / Kevin Sullivan
    Assistant United States Attorneys
    (212) 637-2265 / -1587

cc:    All counsel of record (*by ECF*)